MEMBERS

**ALAN GERSHEL**
*CHAIRPERSON*

**PETER A. SMIT**
*VICE-CHAIRPERSON*

**REV. DR. LOUIS J. PRUES**
*SECRETARY*

**LINDA M. ORLANS**

**JASON M. TURKISH**

**ANDREAS SIDIROPOULOS, MD**

**KATIE STANLEY**

**TISH VINCENT**

**KAMILIA K. LANDRUM**



## STATE OF MICHIGAN

# ATTORNEY DISCIPLINE BOARD



**333 WEST FORT STREET, SUITE 1700**
**DETROIT, MICHIGAN 48226-3147**
**PHONE: 313-963-5553**

**WENDY A. NEELEY**
*EXECUTIVE DIRECTOR*
—

**JOHN K. BURGESS**
*DEPUTY DIRECTOR*
—

**KAREN M. DALEY**
*ASSOCIATE COUNSEL*
—

**SHERRY MIFSUD**
*OFFICE ADMINISTRATOR*
—

**OWEN R. MONTGOMERY**
*CASE MANAGER*
—

**JODIE GROH**
*CASE MANAGER*
—

**JULIE M. LOISELLE**
*RECEPTIONIST/SECRETARY*
—

**www.adbmich.org**

## <u>NOTICE OF SUSPENSION AND RESTITUTION WITH CONDITIONS</u>

Case No.  22-91-GA

**Notice Issued: July 21, 2026**

Craig A. Tank, P 58360, St. Clair Shores, Michigan

Suspension - Four Years, Effective March 1, 2025

After proceedings conducted pursuant to MCR 9.115, Tri-County Hearing Panel #101 found, based on respondent's plea of no contest to all twelve counts in the formal complaint, that respondent committed professional misconduct in eleven separate client matters and when he failed to cooperate with the Grievance Administrator's investigation.  Count One involved his representation of a criminal defendant, and the failure to inform his client that his law license was going to be suspended.  Counts Two, Three, and Ten all involved conduct related to respondent's representation of three separate criminal defendants and the filing of motions for relief from judgment under MCR 6.500.  Count Four involved conduct related to a client's appeal of a district court sentence.  Count Five involved respondent's conduct in a case where he was contacted by a woman to discuss her husband's potential entry into an inpatient alcohol rehabilitation program. Count Six involved respondent's representation of an incarcerated criminal defendant charged with fleeing and eluding.  Count Seven involved respondent's conduct during his representation of a client in a federal conspiracy to commit armed robbery case.  Count Eight involved respondent's conduct related to a client's intoxicated driving case.  Count Nine involved conduct during respondent's representation of an incarcerated individual charged with several serious crimes. Count Eleven involved respondent's conduct during his representation of a criminal defendant in a larceny case.  Count Twelve involved respondent's failure to answer several requests for investigation.

The panel found through respondent's plea of no contest that he neglected a legal matter entrusted to the lawyer, in violation of MRPC 1.1(c) (Counts One-Eleven); failed to seek the lawful objectives of a client, in violation of MRPC 1.2(a) (Counts One-Eleven); failed to act with reasonable diligence and promptness, in violation of MRPC 1.3 (Counts One-Eleven); failed to keep a client reasonably informed about the status of a matter and comply promptly with a client's reasonable requests for information, in violation of MRPC 1.4(a) (Counts One-Eleven); created a conflict of interest, and failed to detail the conflict or seek consent after consultation, in violation of MRPC 1.7 (Count Five); misappropriated funds by failing to deposit them in an IOLTA and withdraw them as earned, in violation of MRPC 1.15(d) and (g) (Count Eleven); failed to take reasonable steps to protect a client's interests upon termination of representation, such as failing to refund any

advance payment of fee that has not been earned, in violation of MRPC 1.16(d) (Counts One-Eleven); engaged in the unauthorized practice of law by holding himself out as an attorney to practice in the Eastern District of Michigan, in violation of MRPC 5.5(b)(2) (Count Seven); knowingly failed to respond to a lawful demand for information, in violation of MRPC 8.1(a)(2) (Count Twelve); engaged in conduct involving dishonesty, fraud, deceit, misrepresentation, or violation of the criminal law, where such conduct reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, in violation of MRPC 8.4(b) (Counts One-Eleven); engaged in conduct prejudicial to the administration of justice, in violation of 8.4(c) and MCR 9.104(1) (Counts One-Twelve); engaged in conduct that exposes the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2) (Counts One-Twelve); engaged in conduct that is contrary to justice, ethics, honesty, or good morals, in violation of MCR 9.104(3) (Counts One-Twelve); made a knowing misrepresentation of facts or circumstances surrounding a request for investigation or complaint, in violation of MCR 9.104(6) (Counts One, Two, and Eleven); failed to timely answer a request for investigation in the time permitted, in violation of MCR 9.104(A)(7) and MCR 9.113(B)(2) (Count Twelve); and violated an order of discipline by holding himself out as a lawyer after a suspension, in violation of MCR 9.104(9) and MCR 9.119(E) (Count One).

The panel ordered that respondent be disbarred, effective March 1, 2025, to allow respondent additional time to wrap up his practice. Respondent was also ordered to pay restitution totaling $21,400.

Respondent timely filed a petition for review and after proceedings pursuant to MCR 9.118, the Board decreased respondent's discipline from disbarment to a four-year suspension, affirmed the restitution requirement, and added conditions relevant to the established misconduct.

Respondent timely filed a motion for reconsideration pursuant to MCR 9.118(E). On October 14, 2025, the Board entered an order denying respondent's motion for reconsideration.

On November 11, 2025, respondent filed an Application for Leave to Appeal with the Michigan Supreme Court pursuant to MCR 9.122. The Court denied respondent's application on June 18, 2026.

Costs were assessed in the amount of $10,145.80.